**BRYAN CAVE LLP**
John W. Amberg (California Bar No. 108166)
Laju M. Obasaju (California Bar No. 255706)
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone:  (310) 576-2100
Facsimile:  (310) 576-2200
E-mail:  jwamberg@bryancave.com
laju.obasaju@bryancave.com

Attorneys for Defendants
COUNTRYWIDE HOME LOANS, INC.
and BANK OF AMERICA, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY GUEVARRA, an individual and AIDA GUEVARRA, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC., a New York Corporation; BANK OF AMERICA, N.A., a United States Corporation and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV09-03548 FMC (JCx)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANTS COUNTRYWIDE HOME LOANS, INC. AND BANK OF AMERICA, N.A.**<br><br>[Filed concurrently with [Proposed] Order; Motion to Strike; Request for Judicial Notice]<br><br>Date:  October 26, 2009<br>Time:  10:00 a.m.<br>Courtroom: 750<br><br>Complaint Filed: May 19, 2009<br>Trial Date:  Not yet assigned |

750136

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 26, 2009 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 750 of the above-entitled Court, located at 255 East Temple Street, Los Angeles, California 90012, defendants Countrywide Home Loans, Inc. ("Countrywide") and Bank of America, N.A. ("BANA") (collectively "Defendants") will, and hereby do, move this Court for an order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing the Complaint of plaintiffs Andy and Aida Guevarra ("Plaintiffs").

This Motion is made on the following grounds:

1. The Complaint as a whole fails to state a claim upon which relief may be granted against Defendants.

2. Plaintiffs cannot state a claim for Rescission under the Truth in Lending Act ("TILA") and Regulation Z (Count 1) against Defendants because Plaintiffs have not properly notified Defendants of their intent to rescind and Plaintiffs have not properly pleaded a claim for violation of TILA.

3. Plaintiffs cannot state a claim for violations of TILA (Count 2) against Defendants because such a claim is time-barred and Plaintiff have not properly pleaded a claim for violation of TILA.

4. Plaintiffs cannot state a claim for violations of the Fair Debt Collection Practices Acts ("FDCPA") (Count 3) against Defendants because the FDCPA does not apply to mortgage lenders.

5. Plaintiffs cannot state a claim for violations of California's Unfair Competition Law, Business and Professions Code § 17200, *et seq.* ("UCL") (Count 4) against Defendants because Plaintiffs have failed to allege an underlying unfair, unlawful or fraudulent act.

6. Plaintiffs cannot state a claim for Quiet Title (Count 5) against Defendants because the Complaint is not verified as required by the California statute governing quiet title actions.

     This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently-filed Request for Judicial Notice, the records on file in this case, the oral arguments of counsel, and such other matters as the Court may consider.

     Counsel for Countrywide was unable to meet and confer with counsel for Plaintiffs, as counsel for Plaintiffs disregarded several messages and phone calls.

Dated: September 11, 2009

**BRYAN CAVE LLP**
JOHN W. AMBERG
LAJU M. OBASAJU

By: /s/ Laju M. Obasaju
     Laju M. Obasaju
Attorneys for Defendants
COUNTRYWIDE HOME LOANS, INC. and BANK OF AMERICA, N.A.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This lawsuit is nothing more than an attempt by plaintiffs Andy and Aida Guevarra ("Plaintiffs") to avoid their financial obligations to defendants Countrywide Home Loans, Inc. ("Countrywide") and Bank of America, N.A. ("BANA") (collectively "Defendants"). Plaintiffs allege multiple claims seeking to avoid a foreclosure sale on their property. Plaintiffs simply wish to keep their property without paying back their loans, but equity and the law do not countenance such a result. Furthermore, Plaintiffs' claims are either time-barred, prematurely pleaded, do not apply to Defendants, or do not allege sufficient facts to state a claim against Defendants for which relief can be granted. As such, the entire Complaint should be dismissed as to Defendants.

This form Complaint is one of at least ten identical Complaints that Plaintiffs' counsel has filed in the Central, Eastern and Northern Districts of California.[1] Many of these form Complaints have already been dismissed due to a failure to state a claim, and they are all without merit. Furthermore, Plaintiffs' counsel brazenly advertises on his website that potential clients should sue their lenders to stop foreclosure sales, in contravention of a California State Bar Ethics Alert.[2] In light of

---

[1] *See De Jesus v. Wells Fargo Home Mortgage, Inc., et al*, USDC Case No. CV09-02193 JFW (AGRx); *Del Carmen, et al. v. Countrywide Home Loans, Inc., et al.*, USDC Case No. CV09-02758 ODW (PJWx); *Basdmadrzyan v. Countrywide Home Loans, Inc., et al.*, USDC Case No. CV09-02571 SJO (PJWx); *Feliciano, et al. v. Countrywide Home Loans, Inc., et al.*, USDC Case No. CV09-02400 SVW (JCx); *Matudio v. Countrywide Home Loans, Inc., et al*, USDC Case No. CV09-02960 DDO (FFMx); *Santos, et al. v. Countrywide Home Loans, Inc., et al.*, USDC Case No. CV09-00912 AWI (SMS); *Adams v. Countrywide Home Loans, Inc., et al.*, USDC Case No. CV09-03923 CBM (FMOx); *Valdez, et al. v. America's Wholesale Lender*, USDC Case No. C09-02778 JF; and *Ilumin, et al. v. Countrywide Home Loans, Inc., et al.*, USDC Case No. CV09-03547 SJO (VBKx)).

[2] *See* www.lawreyes.com: "Save Your Home. Bring the Banks to Court."

(FN 2, cont.) The February 2, 2009 Ethics Alert: *Legal Services to Distressed Homeowners and Foreclosure Consultants on Loan Modifications*, pp. 4., reads in relevant part: "A California lawyer may not without good cause file a

these facts, Countrywide respectfully moves this Court to do as other courts have done in identical cases, and dismiss this Complaint in its entirety, as the sparse allegations fail to state a single claim against Countrywide.

## II. SUMMARY OF PLAINTIFFS' ALLEGATIONS

Plaintiffs allege that the mortgage transaction at the root of this case was closed on or about October 30, 2007. (Complaint, ¶ 14.) Plaintiffs entered into a mortgage loan transaction including a Note secured by a Deed of Trust covering Plaintiffs' residence at 7830 Ducor Avenue, West Hills, California 91304. (Complaint, ¶ 5, 15.) Plaintiffs further allege that they were not provided with all the necessary documents at or before the closing. (Complaint, ¶ 21.) According to Plaintiffs, a veritable laundry list of required documents were allegedly never provided to them in conjunction with the transaction. (Complaint, ¶ 21 (a)-(p).) Plaintiffs go on to allege that the alleged failure to provide the required documents extends their three business-day right of rescission under the Truth in Lending Act ("TILA") and constitutes a violation of TILA. (Complaint, ¶¶ 23, 27.) Plaintiffs also allege that Defendants failed to provide a validation notice and used false or misleading representations or deceptive tactics to collect a debt in violation of the Federal Debt Collections Practices Act ("FDCPA"). (Complaint, ¶ 45 (a)-(c).) Plaintiffs further allege that the above actions constitute a violation of California's Unfair Competition Law, Business & Professions Code section 17200, *et seq*. ("UCL"). (Complaint, ¶¶ 48-67.) Finally, Plaintiffs seek to quiet title as of February 26, 2009. (Complaint, ¶¶ 69-73.)

## III. THE COMPLAINT SHOULD BE DISMISSED AS TO DEFENDANTS

### A. Standard for a Motion to Dismiss

A complaint shall be dismissed when it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion challenges the

---

lawsuit or motions in a lawsuit that are simply intended to delay or impede a foreclosure sale."

sufficiency of the pleadings set forth in the complaint. *Hana Fin., Inc. v. Hana Bank*, 500 F.Supp.2d 1228, 1232 (C.D. Cal. 2007). In order to survive a motion to dismiss, a complaint must contain factual allegations that do more than invite mere speculation. *Id.* While the Court must accept as true all material allegations, as well as reasonable inferences to be drawn therefrom, the Court is not required to accept "unreasonable inferences or conclusory legal allegations cast in the form of factual allegations." *Estate of Migliaccio v. Midland Nat'l Life Ins. Co.*, 436 F.Supp.2d 1095, 1098 (2006). This occurs when a Plaintiff's complaint fails to provide grounds for his or her entitlement to relief. Fed. R. Civ. P. 8; *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 55-56 (2007) (citations omitted).

As dictated by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), courts should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S. Ct. at 1940. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* The court should then "assume [the] veracity" of any remaining well-pleaded factual allegations and, finally, "determine whether [the allegations] plausibly give rise to an entitlement to relief." *Id.* at 1941 (emphasis added). Under the standard set forth in *Iqbal*, a plaintiff must allege "more than unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Dismissal is proper where there is either "a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1991). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Electronics Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (internal citations omitted). Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 545.

A court can dismiss claims without granting leave to amend if amending the complaint would be futile. *See Vasquez v. L.A. County*, 487 F.3d 1246, 1258 (9th Cir. 2007) ("Granting Vasquez leave to amend would have been futile, and we hold that the district court did not err in preventing such futility.") Specifically, if a plaintiff's claims are barred on their face by the statute of limitations, granting of a motion to dismiss with prejudice is proper. *Hyatt v. Northrop Corp.*, 883 F.Supp. 484, 485 (C.D. Cal. 1995). Application of these factors to the instant facts requires that Plaintiffs' Complaint be dismissed.

### B. Plaintiffs' First Claim for Rescission Under TILA and Reg. Z Fails Because Plaintiffs Have Not Alleged a Violation of TILA and Have Not Properly Notified Defendants of Their Intent to Rescind

#### 1. Plaintiffs Have Failed to Allege a Violation of TILA

Plaintiffs' first claim against Defendants is for rescission under TILA and its enacting statute, Regulation Z. However, Plaintiffs have failed to adequately allege a violation of TILA in light of the fact that Plaintiffs' conclusory assertions that they did not receive certain material TILA disclosures are insufficient to state a claim for violation of TILA or any other statute. *See Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice … Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); *Marks v. Chicoine*, No. C 06-06806 SI, 2007 WL 160992, *7 (N.D. Cal. Jan. 18, 2007) (dismissing HOEPA and TILA claims for failure to allege how defendants violated those statutes); *Justice v. Countrywide Home Loans, Inc.*, No. 3:05-CV-008, 2006 WL 141746, *2 (E.D. Tenn. Jan. 18, 2006) (dismissing TILA claim based upon the "mere recitation of statutory language, absent supporting allegations").

Here, Plaintiffs supply a laundry list of alleged missing documents, taken

directly from the statutory requirements of material documents. Plaintiff alleges no other facts to support how or why such a massive amount of documents were never provided, merely reciting statutory language alleging that TILA has been violated. Such a formulaic recitation is not enough to allege any wrongdoing. Thus, Plaintiffs have not stated a claim for violation of TILA entitling them to either rescission or damages.

Finally, Plaintiffs' boilerplate claims that they did not receive material TILA documents are without merit and belied by the record. *See* Request for Judicial Notice. Likewise, Plaintiffs' claims that the "true owner," "real property" and the party with "legal standing" to "enforce [a] contractual obligation" are all belied by the terms of the Deed of Trust and Note which Plaintiffs signed. Plaintiffs' claims for violation of TILA simply cannot stand and should be dismissed.

### 2. **Plaintiffs Have Failed to Properly Notify Defendants of Their Intent to Rescind**

The right of a borrower to rescind lasts three business days from the date of transaction. 15 U.S.C. § 1635(a). However, this right can be extended under certain circumstances. Specifically, "[i]f the required notice or material disclosures are not delivered, the right to rescind shall expire three years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first." Reg. Z § 226.23(a)(3).

However, in order to seek rescission under TILA, a plaintiff must notify the creditor of his or her intent to rescind in writing and provide the creditor an opportunity to respond **prior** to filing a lawsuit. 15 U.S.C. §§ 1635(a)-(b); *See McKenna v. First Horizon Home Loan Corp.*, 475 F.3d 418, 421-22 (1st Cir. 2007) ("The rescission process in intended to be private, with the creditor and debtor working out the logistics of a given rescission . . . Should disagreements ensue or problems arise, either party may repair to a federal court."). Section 226.23(a)(2) of Regulation Z provides that, in order to exercise a valid rescission request, plaintiff

1 must notify the lender through a written communication to an address designated by
2 the lender.  See 12 C.F.R. § 226.23(a)(2); *Ameriquest Mortg. Co. v. Hernandez*,
3 2003 U.S. App. LEXIS 24942 (10th Cir. 2003).  Thus:

> To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication.  Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

12 C.F.R. § 226.23(a)(2).

Here, Plaintiffs have clearly jumped the gun by filing a claim for rescission under TILA without first properly giving written notice directly to Defendants of their intent to rescind the loan.  Plaintiffs do not allege that they gave Defendants proper notice and that a disagreement or problem had arisen.  Rather, Plaintiffs chose to file this lawsuit without first giving Defendants the opportunity to privately work out such a rescission between the parties, as intended by TILA.  As Plaintiffs did not give proper statutory notice of rescission, this claim must fail.

### C. **Plaintiffs' Second Claim for Violations of TILA Fails Because Plaintiffs Have Not Alleged a Violation of TILA and the Claim Is Time-Barred**

Plaintiffs also alleges that Defendants' alleged failure to provide them with material documents in conjunction with their loan is a violation of TILA.  As explained in detail above, Plaintiffs' mere recitation of documents they allegedly did not receive is not enough to demonstrate a violation of TILA.  *See Marks v. Chicoine*, No. C 06-06806 SI, 2007 WL 160992 at *7; *Justice v. Countrywide Home Loans, Inc.*, No. 3:05-CV-008, 2006 WL 141746 at *2.  Therefore, Plaintiffs cannot claim that they are entitled to damages under TILA.

Furthermore, any claim for damages under TILA is subject to a one-year statute of limitations.  15 U.S.C. 1640(e); *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).  Plaintiffs have not alleged any facts warranting equitable tolling of the statute in this case, making such a claim inapplicable.  *Quintos, Quintos v. Decision One Mort. Co. LLC*, Case No. 08-CV-1757 JM (POR), 2008 U.S. Dist. LEXIS

BRYAN CAVE LLP
3161 MICHELSON DRIVE
SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1  104503, at *6 (S.D. Cal. Dec. 29, 2008).

2      As previously stated, here Plaintiffs admit that the closing and alleged failure of Defendants to provide them with documents occurred on or about October 30, 2007. Thus, Plaintiffs had until only October 30, 2008, one year later, to bring a claim for violations of TILA. Plaintiffs have waited nearly two years to bring this claim, with no explanation for the delay, and so their claim is time-barred. Thus, Plaintiffs' second claim for violation of TILA should also be dismissed.

    **D.    <u>Plaintiffs' Third Claim for Violations of the FDCPA Fails Because the FDCPA Does Not Apply to Mortgage Lenders</u>**

    Plaintiffs allege violations of the Fair Debt Collection Practices Act ("FDCPA"). However, Plaintiffs cannot state a claim under the FDCPA because the statute does not apply to mortgage lenders or mortgage companies such as Defendants. *See Tina v. Countrywide Home Loans, Inc.*, Case No. 08 CV 1233 JM (NLS), 2008 U.S. Dist. LEXIS 88302, at *18, fn. 2 (S.D. Cal. Oct. 30, 2008) ("Countrywide is not a 'debt collector' as defined under the FDCPA. The federal FDCPA defines 'debt collector' as one who collects consumer debts owed to another. Countrywide's conduct was directed towards collecting its own debts.") *Ines v. Countrywide Home Loans, Inc.,* Case No. 08 CV 1267 WQH (NLS), 2008 U.S. Dist. LEXIS 55245, at *6-7 (S.D. Cal. Jul. 18, 2008) ("[L]enders and mortgage companies are not 'debt collectors' within the meaning of the FDCPA. Mortgage companies collecting debts are not 'debt collectors'") (internal citations omitted). Because Defendants are mortgage lender, Plaintiffs' FDCPA claim against it must be dismissed.

    **E.    <u>Plaintiffs' Fourth Claim for Violations of the UCL Fails Because Plaintiffs Failed to Allege an Underlying Unfair, Unlawful or Fraudulent Act</u>**

    California Business and Professions Code § 17200, *et seq.*, the Unfair Competition Law ("UCL") prohibits unlawful, fraudulent and unfair business

750136.1

7

MOTION TO DISMISS

practices. CAL. BUS & PROF. CODE § 17200, *et seq*. To sustain a claim for unfair business practices, a complaint must include facts from which it can be determined that the defendant acted unfairly, fraudulently or unlawfully. *Plotkin v. Tanner's Vacuums*, 53 Cal.App.3d 454, 459-60 (1975). "In effect, the UCL borrows violations of other laws . . . and makes those unlawful practices actionable under the UCL." *Id.* Plaintiffs have failed to properly allege any unlawful, unfair or fraudulent conduct on the part of Defendants.

Plaintiffs assert that Defendants' alleged TILA, Reg. Z, and FDCPA violations constitute the underlying unlawful, unfair and fraudulent acts that underpin their UCL claim. However, as discussed in sections III.B - III.D, *supra*, Plaintiffs have failed to sufficiently state any of these alleged claims against Defendants. Plaintiffs' failure to state any other claim is fatal to Plaintiffs' UCL claim, which should be dismissed.

### F. **Plaintiffs' Fifth Claim for Quiet Title Fails Because the Complaint Was Not Verified**

Plaintiffs' final claim against Defendants is for quiet title. California's quiet title statute has six requirements: "[the] **complaint shall be verified**" and "shall include all of the following:" (1) a description of the property; (2) the title of the plaintiff and the basis for the title; (3) the adverse claims to the title of the plaintiff against which a determination is sought; (4) the date as of which the determination is sought; and (5) a prayer for determination of the title of the plaintiff against those adverse claims. CAL. CIV. PROC. CODE § 761.020(a)-(e) (emphasis added).

In this case, Plaintiffs' Complaint is not verified, and therefore fails to comply with the first mandatory requirement for quiet title actions. Furthermore, this claim is not yet ripe as no one is yet claiming adverse title to the Property. The loan is not in foreclosure and Plaintiffs do not allege that it is. Therefore, Plaintiffs cannot demonstrate that there are adverse claims to their own claim to title. Finally, Plaintiffs have failed to provide a description of the property at issue in the

Complaint. Because of these fatal flaws, this claim also should be dismissed.

## IV. IF THE COURT GRANTS THE MOTION TO DISMISS, THEN IT SHOULD EXPUNGE THE LIS PENDENS BECAUSE PLAINTIFFS DO NOT PLEAD A VALID "REAL PROPERTY CLAIM"

A court should expunge a lis pendens recorded by a party "if the court finds that the pleading on which the notice is based does not contain a real property claim." CAL. CODE CIV. PROC. § 405.31; *see also Kirkeby v. Superior Court*, 33 Cal. 4th 642, 647 (2004) ("If the pleading filed by the claimant does not properly plead a real property claim, the lis pendens must be expunged upon motion under CCP 405.31" (quoting Code cmt., 14A West's Ann. Code Civ. Proc. § 405.4, p. 239 (2004)).). "'Real property claim' is one that, if meritorious, would affect title to, or the right to possession of, specific real property . . . ." *Id.* at § 405.4. "Review [under section 405.31] involves only a review of the adequacy of the pleading and normally should not involve evidence from either side, other than possibly that which may be judicially noticed as on a demurrer." *Kirkeby*, 33 Cal. 4th at 648 (internal quotations omitted). "Unlike most other motions, when a motion to expunge is brought, the burden is on the party opposing the motion to show the existence of a real property claim." *Id.* at 647.

As discussed above, the conclusory allegations of Plaintiffs' Complaint do not even meet the minimum pleading standard for any claim of relief, let alone a real property claim within the meaning of Section 405.31. Because Plaintiffs cannot meet their burden of proof to show the existence of a real property claim, the Lis Pendens should be expunged. *See Kirkeby*, 33 Cal. 4th at 647-48; *see also Contini v. W. Title Ins. Co.,* 40 Cal. App. 3d 536, 542 (1974) ("The purpose of a lis pendens is to give constructive notice of pending litigation affecting real property, and this purpose is accomplished once the litigation terminates.").

///
///

## V. CONCLUSION

Plaintiffs' Complaint is fatally flawed as Plaintiffs have failed to state a single claim for which relief can be granted against Defendants. For the reasons stated above, Countrywide respectfully requests that the Court dismiss the Complaint in its entirety.

Dated: September 11, 2009

**BRYAN CAVE LLP**
JOHN W. AMBERG
LAJU M. OBASAJU

By: /s/ Laju M. Obasaju
    Laju M. Obasaju
Attorneys for Defendant
COUNTRYWIDE HOME LOANS, INC. and BANK OF AMERICA, N.A.