JOHN W. AMBERG (Cal Bar No. 108166)
LAJU M. OBASAJU (Cal Bar No. 255706)
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone: (310) 576-2100
Facsimile: (310) 576-2200
E-Mail: jwamberg@bryancave.com
  laju.obasaju@bryancave.com

Attorneys for Defendants
COUNTRYWIDE HOME LOANS, INC.
and BANK OF AMERICA, N.A.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY GUEVARRA, an individual and AIDA GUEVARRA, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTRYWIDE HOME LOANS, INC., a New York Corporation; BANK OF AMERICA, N.A., a United States Corporation and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. CV09-03548 FMC (JCx) <br><br> [Assigned to Hon. Florence-Marie Cooper] <br><br> **NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> **[Fed. R. Civ. P. 12(f)]** <br><br> [Filed concurrently with Notice of Motion and Motion to Dismiss; Request for Judicial Notice, and [Proposed] Orders] <br><br> Date: October 26, 2009 <br> Time: 10:00 a.m. <br> Courtroom: 750 <br><br> Complaint Filed: May 19, 2009 <br> Trial Date: Not yet assigned] |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 26, 2009 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 750 of the above-entitled Court

located at 255 East Temple Street, Los Angeles, California 90012, defendants Countrywide Home Loans, Inc. and Bank of America, N.A. ("Defendants") will, and hereby do, move this Court for an order pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike the following portion of the Complaint of plaintiffs Andy and Aida ("Guevarra"):

1. Pg. 13, Prayer ¶ 10, line 3 "Reasonable attorney's fee and costs of suit."

This Motion is brought on the grounds that Plaintiffs have not alleged any statute or contract that authorizes the recovery of attorneys' fees.

The Motion to Strike is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the records on file in this case, the oral argument of counsel, and such other matters as the Court may consider.

Dated: September 11, 2009          Respectfully submitted,

**BRYAN CAVE LLP**
JOHN W. AMBERG
LAJU M. OBASAJU

By: /s/ Laju M. Obasaju
     Laju M. Obasaju
Attorneys for Defendants
COUNTRYWIDE HOME LOANS, INC. and
BANK OF AMERICA, N.A.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Andy and Aida Guevarra's ("Plaintiffs") poorly pleaded, copy-cat complaint seeks numerous claims for relief against defendants Countrywide Home Loans, Inc. and Bank of America, N.A. ("Defendants"). Included among them is a request for attorneys' fees. However, Plaintiffs have not alleged a violation of any statute or contract that allows them to recover attorneys' fees. Therefore, this request should be stricken.

## II. PLAINTIFFS' CLAIM ATTORNEYS' FEES SHOULD BE STRICKEN FROM THE COMPLAINT

### A. Standard for a Rule 12(f) Motion to Strike

Under Federal Rules of Civil Procedure Rule 12(f), the Court has considerable discretion in deciding whether to strike "any redundant, immaterial, impertinent, or scandalous matter" in a plaintiff's complaint. *See also California Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 1028 (C.D. Cal. 2002) (whether to grant a motion to strike is within the sound discretion of the trial court); *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992) (motions to strike are appropriate when "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation"); *see also Fantasy, Inc. v. Fogerty*, 984 F. 2d 1524, 1527 (9th Cir. 1993). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. 'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty,* 984 F. 2d 1524, 1527 (9th Cir. 1993) (internal quotations omitted). "'Superfluous' historical allegations are [also] a proper subject of a motion to strike." *Id.* "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Id.*

Specifically, a "motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479, f.34 (C.D. Cal. 1996) (citing *Tapley v. Lockwood Green Eng'rs, Inc.*, 502 F.2d 559, 560 (8th Cir. 1974) (prayer for damages in wrongful death action stricken because they exceeded the maximum permitted by statute)); *Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D. Cal. 2005) (A "motion to strike is appropriate to address requested relief, such as punitive damages, which is not recoverable as a matter of law.").

### B. Plaintiffs Are Not Entitled to Attorneys' Fees

Plaintiffs seek attorneys' fees in this action. (Complaint, Prayer, ¶ 10.) However, a party cannot recover attorneys' fees unless specifically provided for by statute or agreement between the parties. Cal. Code Civ. Proc. § 1021. Plaintiffs fail to identify any statute or specific terms of an agreement which allows for recovery for attorneys' fees. Thus, Plaintiffs' prayer for attorneys' fees should be stricken.

### III. CONCLUSION

For all of the reasons stated above, Plaintiffs cannot demonstrate that they are entitled to attorneys' fees, and the Motion to Strike should be granted.

Dated:  September 11, 2009             Respectfully submitted,

**BRYAN CAVE LLP**
JOHN W. AMBERG
LAJU M. OBASAJU


By: /s/ Laju M. Obasaju
       Laju M. Obasaju
Attorneys for Defendants
COUNTRYWIDE HOME LOANS, INC. and
BANK OF AMERICA, N.A.